UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                 S20 06 Crim. 0008 (LAK)

JOHN TOMERO, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

        Appearances:

                Miriam Rocah
                Jonathan Kolodner
                Eric Snyder
                Assistant United States Attorneys
                MICHAEL J. GARCIA
                UNITED STATES ATTORNEY

                Barry Levin, Esq.
                *Attorney for Defendant Bellomo*

LEWIS A. KAPLAN, *District Judge.*

        Defendant Liborio Bellomo is charged with various crimes in connection with his alleged role as "acting boss" of the Genovese organized crime family. He moves to (1) strike as surplusage a portion of the indictment, (2) preclude testimony by a cooperating witness on attorney-client privilege grounds, and (3) compel disclosure of information about cooperating witnesses.

### *Motion to Strike*

        Counts One and Two of the superseding indictment charge Bellomo and defendant

2

Gerald Fiorino, among others, with racketeering conspiracy and racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1] The alleged enterprise is the Genovese crime family, of which Bellomo allegedly was the acting boss and Fiorino, his brother-in-law, a member.[2] Racketeering Act Thirteen charges Fiorino, but not Bellomo, with state law extortion and extortion conspiracy. In particular, it alleges that Fiorino "demanded that Victim-7 [Marie Perillo] pay him as much as $300,000, in part for the benefit of LIBORIO BELLOMO."[3] Bellomo moves to strike as surplusage the portion of Racketeering Act Thirteen referring to him.

Rule 7(d) permits the Court to "strike surplusage from the indictment or information."[4] Nevertheless,

> "it has long been the policy of courts within the Southern District to refrain from tampering with indictments. A motion to strike surplusage is only granted where it is clear that the alleged surplusage is not relevant to the crime charged and is inflammatory and prejudicial. If the evidence of the allegation is admissible and relevant to the charge, then despite prejudice, the language will not be stricken."[5]

Bellomo claims that "in part for the benefit of LIBORIO BELLOMO" should be stricken because (1) the allegation is "neither accurate nor truthful,"[6] as the evidence in this case will

---

[1]

      18 U.S.C. § 1961 *et seq.*

[2]

      S20 Indictment ¶ 10.

[3]

      *Id.* ¶ 29.

[4]

      FED. R. CRIM. P. 7(d).

[5]

      *United States v. Bin Laden*, 91 F. Supp. 2d 600, 621 (S.D.N.Y. 2000) (citing cases) (internal quotations, citations, and alterations omitted).

[6]

      *See* Def. Mem. Supp. Mot. to Strike (docket item 656) at 3.

show that Fiorino sought to collect money from Perillo to benefit his daughters, and (2) Bellomo is not charged in Racketeering Act Thirteen.

Whether the charges in the indictment are "accurate []or truthful" is a matter for the jury to decide. If Bellomo believes that Fiorino's motive was other than to benefit Bellomo, he is welcome to try to prove that at trial. It is not the Court's place, however, to decide on a motion to strike whether the charges in the indictment are true. There is no summary judgment in criminal cases.[7]

Furthermore, that Bellomo is not charged in Racketeering Act Thirteen does not necessarily make the reference to him "[ir]relevant to the crime charged." The government asserts that Fiorino's goal of collecting money for Bellomo is critical to proving that the Perillo extortion was linked to the Genovese family and therefore part of a pattern of racketeering activity for purposes of the RICO charges.

The RICO statute, in relevant part, prohibits a person from conducting or participating in the affairs of an enterprise through a pattern of racketeering activity.[8] To establish a pattern of racketeering activity, the government must prove that the defendant committed at least two predicate offenses that were "related to each other ('horizontal' relatedness), and . . . to the enterprise ('vertical' relatedness)."[9] To show vertical relatedness, the government must establish "(1) that the defendant 'was enabled to commit the predicate offenses solely by virtue of his position in the

---

[7]

E.g., *United States v. Ballesteros Gutierrez*, 181 F. Supp. 2d 350, 356 (S.D.N.Y. 2002).

[8]

18 U.S.C. § 1962(c).

[9]

*United States v. Daidone*, 471 F.3d 371, 375 (2d Cir. 2006) (quoting *United States v. Minicone*, 960 F.2d 1099, 1106 (2d Cir. 1992)).

enterprise or involvement in or control over the affairs of the enterprise,' or (2) that 'the predicate

offenses are related to the activities of that enterprise.'"[10]

The government claims that Fiorino was a member of the Genovese family and a

close associate of Bellomo's. His principal role in the Genovese family allegedly was to support

Bellomo financially. He used Bellomo's name, reputation, and status as acting boss of the family to

collect money and obtain business on his behalf. In particular, the government asserts, Fiorino sought

to collect money from Perillo in order to pay Bellomo's legal expenses in connection with a 1996

criminal case in this Court and a 2002 criminal case in the Eastern District of New York.

Evidence of Fiorino's motive in committing Racketeering Act Thirteen therefore will

be relevant to the RICO case against him. It will tend to show that the Perillo extortion was

committed to support a high ranking member of the Genovese family and thus was "related to the

activities of that enterprise." It may tend to show also that Fiorino used Bellomo's name and status

to intimidate Perillo and thus that he "was enabled to commit the predicate offense[] solely by virtue

of his position in the enterprise or involvement in" its affairs. In other words, proof that Fiorino

extorted Perillo for Bellomo's benefit would be probative of vertical relatedness, an essential

element of the RICO charges.[11] Accordingly, regardless of any prejudice to Bellomo as a result of

having his name appear in Racketeering Act Thirteen, the motion to strike must be denied.[12]

---

[10]
        *Id.* (quoting *Minicone*, 960 F.2d at 1106).

[11]
        Bellomo does not argue that evidence of Fiorino's motive otherwise would be inadmissible.

[12]
        *See United States v. Napolitano*, 552 F. Supp. 465, 480 (S.D.N.Y. 1982) ("The determinative question in a motion to strike surplusage is not the potential prejudice, but rather the relevance of the allegation to the crime charged in the indictment. If the evidence of the allegation is admissible and relevant to the charge, then despite prejudice, the

*Motion to Preclude Testimony*

Counts Eleven and Twelve, as well as Racketeering Act Six, charge Bellomo with attempting and conspiring to tamper with a witness identified as Victim-4. Although neither party has briefed the matter in much detail, the Court surmises from the memoranda that Victim-4 is George Barone, a witness in a 2002 criminal case against Bellomo in the Eastern District of New York. Bellomo was represented in that case by Peter Peluso, who now is a cooperating witness in this case.[13]

According to an FBI 302 report, Peluso in 2005 met with the FBI in connection with this case. He stated that while charges were pending in the Eastern District case, Bellomo told him

---

language will not be stricken." (citing *United States v. Chas. Pfizer & Co.*, 217 F. Supp. 199, 201 (S.D.N.Y. 1963) ("Prejudice is assumed from the indictment itself . . . . But, if evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language, it may not be stricken."))); *accord Bin Laden*, 91 F. Supp. 2d at 621 (if allegation is relevant, motion to strike must be denied despite prejudice).

[13]

*See United States v. Tomero*, 471 F. Supp. 2d 448 (S.D.N.Y. 2007).

As the Court has noted in prior opinions, *see id.*; *United States v. Tomero*, 462 F. Supp. 2d 565 (S.D.N.Y. 2006), the government claims that Peluso, in addition to serving as Bellomo's lawyer, acted as "house counsel" to several members of the Genovese family, engaged in criminal activity himself, and relayed messages to and from high ranking family members. In 2005, Peluso agreed to cooperate with the government.

Through the use of Title III intercepts and a microphone worn by Peluso, the government intercepted hundreds of hours of Peluso's conversations with alleged Genovese members. This led to motions by various defendants, including Bellomo, to suppress conversations based on the attorney-client privilege. The Court denied all of these motions except Bellomo's for failure to show that an attorney-client relationship existed between Peluso and the defendants at times relevant to this case. In light of the government's concession that Peluso represented Bellomo shortly before and after the investigation in this case began, however, the Court reserved decision on Bellomo's motion pending the government's disclosure of what conversations it intends to introduce at trial. *See generally Tomero*, 471 F. Supp. 2d 448. Bellomo does not here challenge the admissibility of any of Peluso's recorded conversations.

6

that he believed that Barone's participation as a witness would make "the case against him . . . much stronger."[14]

        Bellomo moves to preclude Peluso from testifying about the statement referred to in the 302 on attorney-client privilege grounds. The government has represented, however, that it does not intend to offer the statement at trial. Accordingly, the motion is denied.

### Motion to Compel

        Bellomo moves to compel the disclosure of the following materials "for each prosecution witness who applied for, was accepted to, or removed from, the witness security program": (1) applications to the program, (2) psychological profiles, assessments, and tests, (3) polygraph tests and results, and (4) information concerning alcohol and drug use.[15] Bellomo requests further that the government disclose Peluso's medical records and treatment history. This motion is denied substantially for the reasons set forth at pages 2 and 3 of the government's letter memorandum of May 14, 2007.

### Conclusion

        Bellomo's motions to strike the language of Racketeering Act Thirteen referring to him [docket item 656], preclude Peluso from testifying about Bellomo's statement concerning Barone [docket item 599], and compel disclosure of information relating to cooperating witnesses

---

[14]     Def. Mem. Supp. Mot. to Preclude (docket item 601) Ex. 2.

[15]     Def. Mem. Supp. Mot. to Compel (docket item 607) at 3.

7

[docket item 607] are denied.

SO ORDERED.

Dated:        May 22, 2007

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)